UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

LORENA ADDERLY,

    Plaintiff,

v.

TARGET CORPORATION

    Defendant.
_____/

## TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant, TARGET CORPORATION, ("TARGET"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No.: 2022-005030-CA-01, with full reservation of rights, exceptions and defenses, and in support thereof states:

### FACTUAL BACKGROUND

1. On or about March 17, 2022, Plaintiff commenced the instant action by filing a Complaint ("Complaint") in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Plaintiff's Complaint attached as **Ex. "A."**

2. Plaintiff sues Target (in Count I) for Negligence. *See* **Ex. "A."** Specifically, the Plaintiff alleges that on April 21, 2021, she slipped and fell, injuring

herself, at the TARGET located at 21265 Biscayne Boulevard, Aventura, Florida 33165. *Id.* at ¶ 5. The Plaintiff states in her Complaint that due to the alleged slip and fall of April 21, 2021, she sustained bodily injuries with resulting pain and suffering. *Id* at ¶ 10.

3.  Plaintiff claims damages for bodily injury and resulting pain and suffering, disabilities, disfigurement, mental anguish, physical impairment, inconvenience, loss of capacity for the enjoyment of life, surgeries, an aggravation of an existing disease, physical defect, or condition, the expense of hospitalization, medical and nursing care and treatment, as well as lost wages, earnings, and employment benefits in the past, and loss of earning capacity, wages, and employment benefits in the future. *Id* at ¶ 10. The Plaintiff has claimed her damages are either permanent or continuing, and alleges that she will suffer these losses in the future. *Id* at ¶ 10.

4.  Plaintiff readily concedes in the Complaint that she resides in Miami-Dade County, Florida. **Ex. "A"** at ¶ 4. Plaintiff's allegation that she resides in Miami-Dade County, Florida and her intention to remain in Florida is corroborated by her medical bills evidencing ingoing medical treatment from medical providers in Miami-Dade County from April 2021 through August 2021 and, her medical records from a knee surgery she underwent as a result of the alleged incident from a medical provider in Aventura, Florida. *See* Plaintiff's medical bill ledger from Recovery Benefits dated October 15, 2021 attached as Ex. **"B"** and Plaintiff's Operative Report of July 15, 2021 attached as Ex. **"C."**

5. Target is a foreign corporation organized and existing under laws of the State of Minnesota. Target maintains its principal place of business in Minneapolis, Minnesota. *See* 2021 Annual Report from Florida Department of State, Division of Corporations Entity Detail attached as Composite **Ex. "D."**

6. Plaintiff's medical bill ledger, which only shows the Plaintiff's medical treatment up to August 19, 2021, indicate that the Plaintiff sustained a tear of the meniscus in her right knee and had surgery with Dr. Dominic Lewis on July 15, 2021. Additionally, it appears she underwent treatment for a cervical injury and a lumbar injury.

7. From the limited medical records obtained to date, the Plaintiff's medical records indicate that she underwent a right knee arthroscopy with partial medial meniscectomy and synovectomy at Surgery Center of Aventura with Dr. Dominic Lewis, M.D. on July 15, 2021. *See* Ex. **"C."**

8. A review of Plaintiff's available medical bills from the subject incident indicate that Surgery Center of Aventura alone charged a total of $35,119 for the right knee surgery of July 15, 2021 and Dr. Lewis' alone charged $11,000. *See* page 2 and 3 of Ex. **"B."** This does not include Plaintiff's claimed damages for past and future pain and suffering, mental anguish, nursing care, hospitalization and treatment, loss of earnings, and loss of ability to earn money; which are damages claimed in Plaintiff's Complaint. *See* **Ex. "A"** at ¶ 10.

9. In Plaintiff's responses to Target's first Request for Admissions, filed on May 3, 2022, she admits that she continues to receive treatment for injuries she

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

claims she sustained as a result of the alleged incident. Furthermore, Plaintiff's responses to Target's first Request for Admissions confirm that the she is seeking lost wages and damages for loss of future earning capacity as a result of the incident alleged in the Complaint. *See* Plaintiff's Responses to Target's first Request for Admissions attached as Ex. **"E."**

10. The Complaint generally alleges this is an action for damages in excess of the minimum jurisdictional limits of this Court, exclusive of interest and costs. *See* Ex**. "A"** at ¶ 1.

11. In Plaintiff's responses to Target's first Request for Admissions, the Plaintiff also admits that she is seeking damages in this case in excess of $75,000.00. *See* Ex. **"E."**

12. This matter is therefore removable based on diversity of citizenship of the parties, and because the claimed amount in controversy exceeds $75,000 exclusive of interest, attorney's fees, and costs.

13. As part of this Notice of Removal, Target has attached a copy of the proof of service of process, pleadings, and other papers filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, together with the docket sheet from the Clerk of the Court. *See* State Court Filings, attached as composite **Ex. "F."**

14. Target reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## REMOVAL IS TIMELY

15. This Notice of Removal is being filed within thirty (30) days of Target being served with Plaintiff's Responses to Defendant Target's first Request for Admissions from which it first was ascertained that the case is one which removable pursuant to 28 U.S.C. § 1446. *See* Ex. "E," Plaintiff's response to Target's request for admission No. 7.

16. Per 28 U.S.C. § 1446, in relevant part, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

17. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the Eleventh Judicial Circuit Court in and for Miami-Dade County is located in Miami, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

## THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

18. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

19. This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1) because Plaintiff is a citizen of Florida and Target is a citizen of Minnesota.

### A. Citizenship of Defendant, Target Corporation:

20. Target is a foreign for profit corporation organized under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota. *See* **Ex. "D."** Target is therefore a citizen of the State of Minnesota for purposes of diversity jurisdiction, which is the state of its incorporation and principal place of business. At no time material to this lawsuit has Target been a citizen of Florida.

21. Plaintiff concedes that Target is a foreign corporation. *See* **Ex. "A,"** at ¶ 3.

### B. Citizenship of Plaintiff, Lorena Adderly:

22. At all times material to this action, Plaintiff "was and is a resident of Miami-Dade County, Florida." **Ex. "A"** at ¶ 4. Although Plaintiff's Complaint does not expressly use the word "citizenship" "[i]t is well established that a party's *residence* is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.,* No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *7-8 (S.D. Fla. June 1, 2009); *see also E.S.Y., Inc. v. Scottsdale Ins. Co.,* 217 F. Supp. 3d 1356, 1359 n.2 (S.D. Fla. 2015) (noting that there is a presumption that the state in which a person resides at any time is also the person's domicile).

23. In addition to the allegations of residency in her Complaint, Plaintiff's

Operative report and billing ledger further establishes that Plaintiff intends to remain in Florida and evidences her citizenship in Florida. *See* Plaintiff's medical records in Ex**. "B**," and Ex. **"C."**

24.   "Diversity jurisdiction is determined at the time of filing the complaint, or if the case has been removed, at the time of removal." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)).

## AMOUNT IN CONTROVERSY

25.   The amount in controversy in this lawsuit clearly exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy, it is clear from the sampling of Plaintiff's medical bills and operative report received to date, that that Plaintiff's claimed damages exceed the jurisdictional minimum for this Court of $75,000.00. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

26.   Where like here, the jurisdictional amount is not facially apparent on the face of Plaintiff's Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka*, 608 F.3d at 759; *Williams*, 269 F.3d at 1319; *see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (discussing that when

a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the...jurisdictional requirement)."

27. Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka*, 608 F.3d at 754. Thus, all that is required is that Target show by a preponderance of the evidence that the amount in controversy in the instant case exceeds $75,000.00. *Id* at 752.

28. Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "[A] district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

29. As of August 2021, Plaintiff's past medical bills totaled Forty Eight Thousand Seven Hundred and Eighty Four Dollars ($48,784). *See* **Ex. "B."** However, the latter sum does not include the amounts for any of the Plaintiff's medical

treatment after August 2021 and does not include the damages alleged for future care costs, pain and suffering, disability, mental anguish, past and future wage losses, and past and future loss of earning capacity as demanded in the Plaintiff's Complaint. *See* Ex. "A" ¶ 10. Indeed, by Plaintiff's own admission, she seeks damages in excess of $75,000.00.

30. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to remove the action from state court

31. In *Moses v. Home Depot*, the plaintiff alleged personal injury after a box fell on him while at a Home Depot Store. *See Moses v. Home Depot U.S.A.,* No. 13-60546-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 191441, at *4 (S.D. Fla. June 19, 2013). Prior to filing his complaint, the Plaintiff sent a demand letter and enclosed medical reports "and a table showing the medical expenses already incurred in the amount of $14,270.90." *Id.* The court denied the plaintiff's motion to remand finding "the damages claim found in the pre-suit demand letters, combined with the severity of [the] Plaintiff's injuries, his doctors' opinions that [the] Plaintiff will require surgery" show that the amount in controversy exceeds the jurisdictional minimum. *Id* at *9-*10.

32. In *Eichhorn v. Home Depot USA, Inc.*, No. 07-61250-CIV, 2007 U.S. Dist. LEXIS 70541 (S.D. Fla. Sept. 24, 2007) the court found that the amount in controversy was over $75,000.00 when plaintiff's complaint alleged "serious and

permanent injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a pre-existing condition.

33. Here, Plaintiff seeks an unspecified amount of damages for pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, among other damages he claims are permanent and ongoing. *See* **Ex. "A"** at ¶ 10.

34. Further, the Plaintiff's responses to Target's first Request for Admissions wherein she admits to seeking damages in excess of $75,000.00 along with the Plaintiff's medical bills to date sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court's jurisdiction rendering removal proper.

35. Accordingly, the evidence provided above clearly demonstrates Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Target has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and

1446(b)(3). Upon filing of this Notice of Removal, Target will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, TARGET CORPORATION, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2022-005030-CA (01), be removed to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Target is entitled.

**Dated: June 2, 2022**

Respectfully submitted,
/s/ Schuyler A. Smith
Schuyler A. Smith, Esq.
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
Andres A. Pino, Esq.
Florida Bar No.: 119338
apino@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
***Attorneys for Target Corporation***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 2, 2022, the foregoing was served on all counsel of record below via email.

/s/ Schuyler A. Smith
Schuyler A. Smith, Esq.

## SERVICE LIST

Robert M. Graff, Esq.
Wald, Gonzalez & Graff, P.A.
121 Alhambra Plaza
Suite 1500
Coral Gables, FL 33134
Tel: 305.577.7778
Fax: 305.577.9757
Rmgpleadings@wgglaw.net
Rmg@wgglaw.net
Cherrera@wgglaw.net
*Attorneys for Plaintiff*